The opinion of the Court was delivered by

Mr. Justice Gantt.

Jn every case, where one man undertakes to perform a duty for another, the obligation arising therefrom must necessarily be based upon the nature of the act to be done, and have reference to the special circumstances under which the party undertook to perform the act. In the case before us, had the defendant undertaken to serve this writ at the particular instance *24 of the plaintiff’s agent, wlio could not otherwise have had the writ executed, then the degree of diligence which might legally have been demanded of him, could have been no more than a fair exertion of his capacity. But the case is far different when the undertaking is sought by the defendant himself, and with a. view to the emolument arising therefrom. In every such case, the principles of good faith, as well as law, require that the undertaker should use all the diligence and attention which might become necessary to the performance of his undertaking. In such a case, as Mr. Jones says, “ He is neither to do any thing-how minute soever by which his employer may sustain damage, nor omit any thing however inconsiderable which the nature of the act requires,” and he adds that, “ though the law exacts no impossible things,' yet it may justly require that every man shall know his own strength before he undertakes to do an act,.and that if he delude another by false pretensions to skill, he should be responsible for any injury that may be occasioned by such delusion.” Now, apply this reasoning to the defendant in this action. He had been in the habit, it seems, of transacting business of this nature, with a view to the profits which would accrue. In this case he requested of the agent that he might be employed to serve the writ, in the character of a legalized officer. The agent of the plaintiff consented, and might well conceive, under such circumstances, that every exertion would be used to shew that the confidence thus reposed was worthily bestowed. There Was no understanding between the agent and the defendant, that the former was to assist in the performance of the duty; and the defendant could not justify his refusal to. act, upon the ground contended for, viz. that the agent would not go with him. The defendant undertook in this instance to discharge the duty of a sheriff in die case .committed to him, and having violated his en-, gagement, he is responsible to his employer, in like manner and to the same extent, that a sheriff would be under similar circumstances.
On the second ground taken in the brief, I will only remark, that from the judge’s report of his charge, it would seem, that his observations to the jury were rather calculated to point out an existing discrimination in the law, between a public officer and a private agent, than to fix with precision the extent of *25 responsibility which the latter might bring upon himself by the non-performance of his undertaking. But under the charge as «stated, it is manifest that the defendant had been guilty of that gross neglect, which, in the opinion of the judge, would make a private agent responsible in damages; and this view of the case will supercede the necessity of making any comment-on the third .ground.
I am of opinion that a new trial should be granted.
We concur. —
Richardson, Johnson and Cohock.